O’Brien, J.
In this action, plaintiffs have asserted claims against their employer, Massasoit Greyhound, Inc., for violation of their civil rights and intentional infliction of emotional distress. The cornerstone of plaintiffs’ complaint is that defendant required them to work on Christmas Day in violation of G.L.c. 151B, §4(1A) and G.L.c. 93, §102. Defendant has moved for summary judgment pursuant to Mass.R.Civ.P. 56 arguing that Roman Catholic Church doctrine only dictates that its members attend mass on Holy Days and imposes no requirement that Catholics refrain from working on Holy Days. Plaintiffs, on the other hand, claim that the Catholic Church requires its members to refrain from working on Holy Days, and thus, defendants by scheduling plaintiffs to work on Christmas forced them to forego the requirements of their religion. For the reasons that follow, defendant’s motion for summary judgment is allowed and plaintiffs’ motion for summary judgment is denied.
BACKGROUND
The dispositive facts in this matter are undisputed and can be briefly summarized. Plaintiffs are part-time pari-mutuel clerks employed by defendant. On December 18, 1992, defendant posted a notice stating that all regularly scheduled employees were required to work on Christmas day, Friday, December 25,1992. Plaintiffs were regularly scheduled to work on Fridays and were therefore required to work on Christmas.
Plaintiffs requested the day off based on their desire to celebrate the Holy day of Christmas. Plaintiffs’ requests were refused and they were told to report to work on December 25. Plaintiffs refused to report to work that day and suffered adverse action.
DISCUSSION
The pivotal issue in this case is whether Roman Catholic dogma requires its adherents to refrain from working on Holy Days. General Laws c. 151B, §4(1A) provides:
It shall be unlawful discriminatory practice for an employer to impose upon an individual as a condition of obtaining or retaining employment any terms or conditions, compliance with which would require such individual to violate, or forego the practice of, his creed or religion as required by that creed or religion including to but not limited to the observance of any particular day or days or any portion thereof as a sabbath or holy day and the employer shall make reasonable accommodation to the religious needs of such individual . . . The employee shall have the burden of proof as to the required practice of his creed or religion.
The application of this statute is narrow as it only “prohibits an employer from requiring an employee, as a condition of employment, to violate or forego the practice of his religion as required by that religion.” Lewis v. Area II Homecare for Senior Citizens, Inc., 397 Mass. 761, 771-72 (1986) (emphasis in original). Thus, the employee must demonstrate that the activity is a religious practice that is required by their religion. Id. at 772; see Kolodziej v. Smith, 412 Mass. 215, 221 (1992).
The Roman Catholic Church requires its members to attend mass on Christmas day. (Affidavit of Reverend Monsignor John J. Oliveira para. 3, affidavit of Monsignor Eugene McNamara para. 4.) This obligation can be fulfilled beginning at 4:00 pm Christmas eve and concluding at 1:00 pm on Christmas day. (Affidavit of Monsignor Eugene McNamara para. 4.) The Code of Canon Law states:
On Sundays and other days of obligation the faithful are bound to participate in the Mass; they are also to abstain from those labors and business concerns which impede the worship to be rendered to God, the joy which is proper to the Lord’s day, or the proper relaxation of mind and body.
1983 Codex luris Cannici, Canon 1247. The Catholic Encyclopedia notes, however, that although ”[c]hurch law forbids work on Sundays and holy days of obligation, ... exceptions Eire made for... those who must support their family or maintain their livelihood.” Peter M.S. Stravinskas, ed., The Catholic Encyclopedia, 885.
Based on the authorities provided by the parties, this court rules that Catholic dogma does not require wor-shippers to abstain from working on Holydays.[2] The only requirement the church absolutely imposes upon its followers is to attend mass. Plaintiffs were not denied the opportunity to attend mass, and therefore, plaintiffs cannot establish that they were forced to forego a practice required by their religion. The fact that plaintiffs wished to further observe the Christmas holiday does not constitute a religious requirement. See Lewis v. Area II Homecare for Senior Citizens, Inc., supra at 772.
As plaintiffs’ claim for violation of G.L.c. 151B, §4(1A) fails, so too must their claims premised on *395 G.L.c. 93, §102. Furthermore, defendant’s actions are not severe enough to constitute a viable claim for intentional infliction of emotional distress.
ORDER
This court ORDERS defendant’s motion for summary judgment is GRANTED and further ORDERS that plaintiffs’ motion for summary judgment is DENIED.

 Mass.R.Civ.P. 44.1 provides that “[a] party who intends to raise an issue concerning the law of a foreign country shall give notice in his pleadings or other reasonable written notice. The court, in determining such law, may consider any relevant material or source, including testimony, whether or not submitted by a party admissible under Rule 43. The court’s determination shall be treated as a ruling on a question of law.”